# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1690-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Heather Downs Russell, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Heather Downs Russell,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST RUSSELL

| | |
|---|---|
| OPINION FILED: | March 2, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2021 WI 18**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1690-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Heather Downs Russell, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant,**

**FILED**

v.

**MAR 2, 2021**

**Heather Downs Russell,**

Sheila T. Reiff
Clerk of Supreme Court

**Respondent.**

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the report of Referee James J. Winiarski which concluded that Attorney Heather Downs Russell's professional misconduct warrants a public reprimand. The referee further recommends that the full costs of this proceeding, which are $5,235.37 as of October 27, 2020, be assessed against Attorney Downs Russell.

¶2 Since no appeal has been filed from the referee's report and recommendation, we review the matter pursuant to Supreme Court Rule (SCR) 22.17(2). Upon consideration of the

referee's report, the parties' partial stipulation, and the record in this matter, we agree that a public reprimand is an appropriate sanction for Attorney Downs Russell's misconduct. We also agree with the referee that Attorney Downs Russell should pay the full costs of this proceeding.

¶3 Attorney Downs Russell was admitted to practice law in Wisconsin in 1999. She is employed at Modine Manufacturing Company in Racine. She has no previous disciplinary history.

¶4 Attorney Downs Russell's Wisconsin law license became inactive effective July 23, 2002. In the summer of 2015, Attorney Downs Russell applied for and obtained employment as an attorney with Whyte Hirschboeck Dudek S.C. (Whyte Hirschboeck), a Wisconsin law firm. Attorney Downs Russell's employment with Whyte Hirschboeck required that she have an active law license or otherwise be authorized to practice law in Wisconsin. In its offer letter dated August 19, 2015, Whyte Hirschboeck noted that Attorney Downs Russell's license status was inactive and that until she regained active status to practice law in Wisconsin, she must refrain from holding herself out as an "attorney" practicing in Wisconsin.

¶5 No later than September 1, 2015, Attorney Downs Russell was aware that she would have to complete 60 hours of continuing legal education (CLE) in order to reactivate her license, and that she could not use on-demand CLE courses to satisfy that requirement.

¶6 Attorney Downs Russell began her employment at Whyte Hirschboeck on September 15, 2015 without telling anyone

2

associated with the firm that she did not yet have an active license to practice law in Wisconsin, that she had not filed a request to return to active status, or that she would be ineligible to file that request until she had completed the required CLE.

¶7 At or soon after the commencement of her employment, Attorney Downs Russell began using the title "attorney" and holding herself out as an attorney licensed and authorized to practice law in Wisconsin. She allowed Whyte Hirschboeck to begin holding her out as an attorney licensed and authorized to practice law in Wisconsin. At or soon after the commencement of her employment with Whyte Hirschboeck, Attorney Downs Russell began practicing law in Wisconsin. She did not inform Whyte Hirschboeck that there would be a delay in her return to active status. By failing to inform Whyte Hirschboeck that her license remained inactive, and would remain so for an indefinite period of time, Attorney Downs Russell misled Whyte Hirschboeck into assuming that she had returned to active status.

¶8 Because the Whyte Hirschboeck website listed Attorney Downs Russell as an attorney admitted to practice law in Wisconsin, and because her email and written communications never indicated otherwise, clients, other attorneys, and anyone employed by or associated with Whyte Hirschboeck would have reasonably believed that she had an active license to practice law in Wisconsin. Attorney Downs Russell did not take any action to correct that mistaken belief.

3

¶9 On her Fiscal 2017 State Bar of Wisconsin dues statement, which she signed on June 6, 2016, Attorney Downs Russell represented that she was engaged in the active practice of law in Wisconsin.

¶10 In July 2016, Whyte Hirschboeck merged with Husch Blackwell, a nationwide firm with a Milwaukee office. Attorney Downs Russell signed a new employment agreement with Husch Blackwell, which described her employment as "a Senior Counsel attorney." The employment agreement stated that Husch Blackwell was "excited about the prospect of practicing with you."

¶11 Husch Blackwell, like Whyte Hirschboeck, assumed that Attorney Downs Russell had an active Wisconsin law license and she did not inform anyone associated with Husch Blackwell that her Wisconsin law license was inactive.

¶12 On May 30, 2017, Attorney Downs Russell signed her Fiscal 2018 State Bar of Wisconsin dues statement and checked the box indicating, "I do not practice law in Wisconsin." She included a hand-written note saying, "I am currently inactive and have been enrolled in CLE courses to become active once again in Wisconsin." In fact, at the time she signed the statement, Attorney Downs Russell was engaged in the active practice of law in Wisconsin through her employment with Husch Blackwell.

¶13 Attorney Downs Russell entered into another employment with Husch Blackwell in June 2017, in which her employment was again described as "Senior Counsel," without advising anyone

4

associated with Husch Blackwell that she did not have an active law license.

¶14 Attorney Downs Russell did not complete the required CLE credits until April 2017, and she did not request a return to active status until August 2017. By letter dated August 17, 2017, to the State Bar of Wisconsin, with a copy to the Office of Lawyer Regulation (OLR), Attorney Downs Russell requested to transfer from inactive to active status.

¶15 On September 7, 2017, Attorney Downs Russell forwarded to Husch Blackwell's compliance counsel a copy of the OLR's correspondence requesting information relevant to its investigation of her request to return to active status.

¶16 On September 15, 2017, Husch Blackwell suspended Attorney Downs Russell's employment pending resolution of the OLR's investigation of her request to return to active status.

¶17 On October 11, 2017, the OLR filed a memorandum with this court supporting Attorney Downs Russell's request to return to active status, but advising the court of the OLR's intent to open a separate investigation regarding Attorney Downs Russell. This court granted Attorney Downs Russell's request to return to active status on November 17, 2017.

¶18 On September 10, 2019, the OLR filed a complaint alleging the following counts of misconduct:

**Count 1:** By practicing law in Wisconsin at a time when her Wisconsin law license was inactive, Attorney Downs Russell violated SCR 10.03(3)(c),[1]

---

[1] SCR 10.03(3)(c) provides:

SCR 10.03(4)(a),[2] and SCR 23.02(1),[3] enforced via SCR 20:8.4(f).[4]

**Count 2:** By using the titles "attorney" and "Senior Counsel" in Wisconsin at a time when her Wisconsin law license was inactive, Attorney Downs Russell violated SCR 23.02(3)[5] enforced via SCR 20:8.4(f).

---

No judicial or inactive member may practice law in this state or hold office or vote in any election conducted by the state bar. No person engaged in the practice of law in this state in his or her own behalf or as an assistant or employee of an active member of the state bar, or occupying a position, the duties of which require the giving of legal advice or service in this state, may be enrolled as an inactive member.

[2] SCR 10.03(4)(a) provides: "No individual other than an enrolled active member of the state bar may practice law in this state or in any manner purported to be authorized or qualified to practice law."

[3] SCR 23.02(1) provides:

A person who is duly licensed to practice law in this state by the Wisconsin Supreme Court and who is an active member of the State Bar of Wisconsin may practice law in Wisconsin.  No person may engage in the practice of law in Wisconsin, or attempt to do so, or make a representation that he or she is authorized to do so, unless the person is currently licensed to practice law in Wisconsin by the Wisconsin s Supreme court and is an active member of the State Bar of Wisconsin.

[4] SCR 20:8.4(f) provides:  "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 23.02(3) provides:

Except as permitted by SCR 10.03(4), only a person who is currently licensed to practice law in Wisconsin and who is an active member of the State Bar of Wisconsin may represent himself or herself to the public using the words attorney at law, lawyer, solicitor, counselor, attorney and counselor, proctor,

6

**Count 3:** By engaging in a course of conduct that misled two firms that employed her into believing that she had an active Wisconsin law license when she did not, Attorney Downs Russell violated a standard of professional conduct established by the supreme court in In re Disciplinary Proceedings Against Shea, 190 Wis. 2d 560, 527 N.W.2d 314 (1995),[6] enforced via SCR 20:8.4(f).

**Count 4:** By misrepresenting on her 2018 Fiscal Dues Statement, "I do not practice law in Wisconsin," and "I am currently inactive and have been enrolled in CLE courses to become active once again in Wisconsin" while she was actively practicing law in Wisconsin Attorney Downs Russell violated SCR 20:8.4(c).[7]

¶19 Attorney Downs Russell filed an answer to the complaint on October 9, 2019. The referee was appointed on December 3, 2019.

¶20 On February 4, 2020, the parties filed a partial stipulation whereby Attorney Downs Russell agreed that the referee may use the allegations of the complaint as an adequate factual basis in the record for a determination of Supreme Court

---

law, law office, or other equivalent words in connection with his or her name or any sign, advertisement, business card, letterhead, circular, notice, or other writing, document or design, the evident purpose of which is to induce others to believe or understand the person to be authorized to practice law in this state or otherwise qualified to provide professional legal services or advice.

[6] In re Disciplinary Proceedings Against Shea, 190 Wis. 2d 560, 527 N.W.2d 314 (1995) holds that an attorney has a fiduciary duty and a duty of honesty in the attorney's professional dealings with the attorney's law firm.

[7] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or mispresentation."

Rules violations as to each of the four counts alleged in the OLR's complaint. The parties agreed that the only unresolved issued was the appropriate level of discipline to impose for Attorney Downs Russell's misconduct.

¶21 A hearing on the appropriate sanction to impose for Attorney Downs Russell's misconduct was held before the referee on August 4, 2020. The referee issued his report and recommendation on October 5, 2020. Based on the parties' partial stipulation, the referee found that the OLR met its burden of proof with respect to all four counts of misconduct alleged in the complaint.

¶22 In discussing the appropriate sanction to impose for Attorney Downs Russell's misconduct, the referee noted that not only did Attorney Downs Russell practice law for a period of approximately two years while holding an inactive license, but she also failed in her duty to inform the two law firms for which she worked during that two-year period of her inactive status. The referee said that conduct posed a significant risk to both of the law firms and constituted a violation of Attorney Downs Russell's fiduciary duties to the law firms.

¶23 The referee said that Attorney Downs Russell is an intelligent and competent lawyer; she is likeable and very family oriented; and she has received no prior discipline. The referee noted that the reasons Attorney Downs Russell gave for her misconduct included being busy with family obligations and raising three children. The referee said, however, being busy with family obligations is not an excuse to practice law for

approximately two years without an active law license. The referee noted that Attorney Downs Russell also testified at the sanction hearing that she did not think it would take as long as it actually did to acquire the 60 CLE credits she needed to return to active status. But the referee said certainly at some point during that two-year period she should have realized the seriousness of continuing to practice law while her status was still inactive. The referee said, "it is difficult for me to understand how she thought, after practicing law for two years while inactive, that she could return to active status without anyone realizing she had practiced for two years while inactive."

¶24 While Attorney Downs Russell argued in favor of a private reprimand, the referee ultimately concluded that the public reprimand sought by the OLR was the appropriate sanction for Attorney Downs Russell's misconduct. In support of his recommendation, the referee cited Public Reprimand of Thomas P. DeMuth, No. 2011-4 (electronic copy available at https://compendium.wicourts.gov/app/raw/002348.html) (attorney who practiced law for approximately six months while inactive received public reprimand). As noted, the referee also recommends that Attorney Downs Russell be responsible for the full costs associated with the disciplinary proceeding.

¶25 This court will affirm a referee's findings of fact unless they are clearly erroneous but will review the referee's conclusions of law de novo. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740

N.W.2d 125. This court determines the appropriate sanction independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶26 There is no showing that any of the referee's findings of fact, which are derived from the parties' partial stipulation are clearly erroneous, and we adopt them. We also adopt the referee's conclusions of law with respect to the four counts of misconduct.

¶27 With respect to the appropriate sanction, upon careful consideration of the matter we agree that a public reprimand is an appropriate sanction. In addition to the DeMuth case cited by the referee, we find Public Reprimand of Lori S. Eshleman, No. 2009-14, (electronic copy available at https://compendium. wicourts.gov/app/raw/002199.html) in which an attorney who practiced law for eight and a half months when she knew that her license had been administratively suspended, and Public Reprimand of Michael M. Cassidy, No. 2002-5, (electronic copy available at https://compendium.wicourts.gov/app/raw/ 000953.html), in which an attorney practiced law for three years when his Wisconsin law license had been administratively suspended due to failure to comply with mandatory CLE requirements, to be somewhat analogous. We agree with the referee that although Attorney Downs Russell apparently did not view the practice of law while inactive to be a serious problem, in fact that conduct did pose a significant risk to the law

10

firms where she practiced and was a violation of her fiduciary duties to those firms. A public sanction is warranted.

¶28 IT IS ORDERED that Heather Downs Russell is publicly reprimanded for her professional misconduct.

¶29 IT IS FURTHER ORDERED that within 60 days of the date of this order, Heather Downs Russell shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $5,235.37 as of October 27, 2020.

11